IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT L. HUGGINS, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> XANTERRA PARKS & RESORTS, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT <br><br><br><br><br> Case No. 2:03-CV-945 TS |

On November 29, 2004, the Court heard oral argument on Defendant's Motion for Summary Judgment. As is the Court's normal practice, the Court allowed Defendant—as the moving party—to present oral argument on its Motion. Plaintiff was then given an opportunity to present oral argument in opposition. Then, Defendant was allowed an opportunity to present rebuttal argument. At the hearing, the Court granted Defendant's Motion for Summary Judgment and a written order followed on March 2, 2005.[1]

Plaintiff has now filed this Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (2), and (3). Plaintiff's primary argument in support of his Motion is

---

[1] Docket No. 30.

1

that the Court allowed Defendant to present oral argument twice, but limited him to one opportunity to present argument. Plaintiff also argues that the Court did not allow him to fully present his case. For the reasons discussed below, the Court will deny Plaintiff's Motion to Set Aside Judgment.

Under Rule 60(b), the Court has the discretion to grant relief as justice requires, but such relief is extraordinary and may only be granted in exceptional circumstances.[2] Rule 60(b) provides, in pertinent part, that the Court may relieve a party from an order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discover in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . ."[3]

As a preliminary matter, the Court finds that Plaintiff's Motion is untimely. Rule 60(b) provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." In this case, the Order granting Defendant's Motion for Summary Judgment was entered on March 2, 2005. Judgment was entered that same day. Plaintiff's Motion was not filed until March 6, 2006, outside of the one-year limitations period. As a result, Plaintiff's Motion is untimely. But even if Plaintiff's Motion was made in a timely manner, the Court finds that Plaintiff has presented no legitimate reason for the Court to set aside judgment.

---

[2] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2005).

[3] Fed.R.Civ.P. 60(b).

Plaintiff's primary argument is that Defendant, as the moving party, was permitted to present oral argument twice, while he was only allowed to present oral argument once. This is the standard practice of this Court. DUCivR 7-1(f) provides that the Court may set any motion for oral argument.[4] Additionally, that Rule states that a motion may be submitted and determined by the Court on the basis of the written memoranda of the parties.[5] Therefore, the Court is not required to allow either party the opportunity to present oral argument.

Although the local rules do not establish any procedure for the structure of oral arguments, the procedure for filing briefs under DUCivR 7-1(b)(3) is instructive. Rule 7-1(b)(3) provides that a party may file a motion. A memorandum in opposition may then be filed by the opposing party. Then a discretionary reply memorandum may be filed by the moving party. The Court's oral argument structure mirrors this Rule. At the hearing, the Court allowed Defendant, the moving party, to argue their motion. Plaintiff then had an opportunity to respond. Defendant was then given a final opportunity to rebut Plaintiff's opposition. The Court finds that this argument structure presents no reason to set aside judgment in this case.

Plaintiff further argues that the Court deprived him of the ability to fully present his case. Here, Defendant filed its Motion for Summary Judgment. Plaintiff was given an opportunity to, and did, respond to that Motion in writing. Plaintiff submitted a memorandum in opposition and submitted exhibits with that memorandum. The Court then set the matter for hearing where both parties were given an opportunity to present arguments on the Motion. Based on this, the Court finds that Plaintiff was given the opportunity to fully present his case. The fact that the Court

---

[4]DUCivR 7-1(f).

[5]*Id*.

ruled adversely to Plaintiff on a summary judgment motion does not mean that he was not given a full opportunity to present his case.

For the reasons discussed above, the Court finds that Plaintiff has failed to present any justification for the Court to set aside final judgment in this matter.

It is therefore

ORDERED that Plaintiff's Motion to Set Aside Judgment (Docket No. 32) is DENIED.

DATED   April 10, 2006.

      BY THE COURT:

      _____
      TED STEWART
      United States District Judge